UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Pointer

vs.

Sgt. Lyon et. al.,

CASE NO. C-1-02-486
JUDGE, BECKWITH
M.J.; Sherman

03 SEP 11 PM 3:55

## Motion for Relief from an Order or Judgment Pursuant to Fed. R. Civ. P. 60 (b) (2) AND (3)

In its discretion, the district court may grant a motion for relief from a final judgment, order or proceeding for various enumerated reasons.

Relief from a judgment or order may be permitted where the adverse party engaged in fraud, misrepresentation, or other misconduct, the adverse party's conduct prevented the moving party from fully, and fairly presenting its case during trial. This rule may be used to remedy belatedly uncovered misconduct during discovery, improper conduct by counsel or the court.

Relief from an order or judgment may also be granted where the evidence has been newly discovered since trial, and the party was diligent in discovering the new evidence, and the evidence is not merely cumulative or impeaching, and the evidence is material

To justify Rule 60(b)(3) relief, misconduct of an adverse party must be of such a nature as to prevent the other party from fully and fairly presenting his case. West v. Love, 776 F.2d 170, 176 (7th Cir. 1985) See Anderson v. Cryovac., 862 F.2d 910, 923 (1st Cir. 1988) (withholding evidence in discovery may be sufficient misconduct to justify relief)

When the district court learns of a party's newly discovered evidence to entitle the moving party to a new trial, the newly discovered evidence must have been excusably overlooked by the moving party notwithstanding the moving party's due diligence in attempting to discover it and must be admissible, and likely to alter the outcome

In addition to a New Trial.

I. Defendant Lyon has engaged in fraud, and misconduct that has prevented Plaintiff from fully, and fairly presenting his case.

II. Plaintiff Did Not Learn of the fraud, and misconduct till 7-28-03 After Recieving a copy of his case Docket sheet

III. On May 29th 2003 Plaintiff filed objections to the Magistrate Judges Report, and Recommendation. But Plaintiff's motion was returned for having insufficient funds, Plaintiff had $2.50 in his Prison Account, But was told his legal mail would cost $2.90 "see Exh. A"

IV. After Plaintiff Removed parts of his motion to meet postal cost he recieved reciept's back for the second charge at which time Plaintiff learned that he was being deliberately over charged see Doc. 68 Exh. "A and B"

V. Plaintiff has suffered irrepairable harm, and injuries due to the negligent, and Arbitrary actions demonstrated by the Defedant herein.

VI. On 8-20-2002 Judge Sandra S. Beckwith overruled Plaintiff's objections Doc. 45-1, and 61-1 and adopted the Magistrate Report and Reccomendation Doc. 31-1 In it's entirety; And Denied Plaintiff's motion for Summary Judgment Doc. 18-1 And overruled Plaintiff's objections Doc. 39-1 And Doc. 60-1 And adopted the Magistrate Report And Reccomendation In its entirety; Plaintiff's Preliminary Injunction Doc. 21-1 Was Denied; And Plaintiffs objections To The Magistrate orders denying Leave To amend complaint To add Philip A King as a Defendant Doc. 47-1 overruled Doc. 66 Entry Date 6-24-2003

VII. On 3-10-2003 Plaintiff filed A motion for Leave To file Supplemental complaint Doc. 29 on, 3-17-03 Plaintiff was ordered To show Proof of Service within Ten Days Doc. 34 on 4-8-03 Magistrate Striked Plaintiffs motion To file Supplemental complaint for felure To show Proof of Servese within 10 Days

on July 29th 2003 magistrate made a report, and recommendation that this court grant defendants motion, and request to have plaintiffs complaint certified as frivolous, appeal not be taken in good faith, and grant them summary judgment.

Plaintiff now moves this honorable court to grant him relief from the following orders, and proceedings which was made, and took place on the following dates, 8-20-03 "Doc. 66" 3-10-03 "Doc. 29" 3-17-03 "Doc. 34", and 7-29-03 "Doc. __" for the following reasons.

Plaintiff only recieve $10.00 of his monthly income due to court cost, and must pay for his on hygiens which cost about $5.00, and if plaintiff his legal postage that cost more then $5.00 ███ institution will not give free postage even if inmate has a deadline which the court says inmate must meet, institution does not allowe inmates to hand deliever summons and, complaint nor do they allowe authorized staff (paralegals) to do it for them (see Doc. 46 Exh "C") at the time in question plaintiff did not know he was being deliberately over charged postal cost to hinder his court access.

every motion filed by Plaintiff which was Two (2) To (5) Five Pages cost Plaintiff .37¢ To mail, And weighed one (1) ounce or less As shown In Plaintiffs Motion In objection To The Report, And Recommendation made on July 29th 2003 Doc. 68 Exh. C, D, E, And F And The Court Dockets 18, 22, 23, 56

On may 30th Plaintiff mailed Two (2) Identical motions To his objections To The Magistrate Judges Report, And Recommendation Doc. 60 But Recieved Two (2) Deferent Postal charges one was $1.06 And The other .83¢ According To The mailRoom legalmail Which cost $1.06 Weigh Four (4) ounces, And Legalmail That cost .83¢ Weigh Five (5) ounces see Exh. B Also See Doc 68 Exh. A, And B, And Docket Sheet 60

on march 4th Plaintiff filed his response To his Preliminary Injunction which was six pages see Doc. 68 Exh. G And Docket Sheet 27 Postal cost For This motion was $1.98 According To Exh. "B" Which Is Attached To This motion Postal cost for $1.98 Weighs eight (8) ounces Postal cost for Plaintiffs motions went From 5 Pages .37¢ 1 oz. To 6 Pages 8 ozs. $1.98

X. Defendant acting with other friends, employees, and employers deliberately over charged Plaintiff to limit, and obstruct Plaintiff motion's filings in this processing.

XI. The Attorney General has a conflicted interest in this proceeding prosuant to "U.S.C.A. § 2605 Suits to recover wrongful or fraudulent payments.

The Postal service shall request the Attorney General to bring a suit to recover with interest any payment made from moneys of, or credit granted by the Postal Service as a result of — mistake, fraudulent representations and collusion.

---

With reference to disqualification of a public officer to perform his sworn duty, The public interest, and private pecuniary interest of the individual concerned (514 F.2d 38, 41) "Conflict of interests" a situation in which regard for one duty leads to disregard for another or might reasonably be expected to do so (463 F.2d 600, 602,) U.S. v. Davila, D.C. Puerto Rico 1976, 440 F. Supp. 670

Conflicts of interest may be actual or potential. An actual conflict, such as where an attorney has a personal financial interest adverse to his client precludes the attorney from representing the client under the model Rules of Professional Conduct.

A potential conflict arises where conflicting interest may develop but do not exist such as when an attorney is asked to represent both (313 U.S. 487, 496.)

§ 1726. U.S.C.A. Postage collected unlawfully.

Whoever, being a Postmaster or other person authorized to receive the postage of mail matter, fraudulently demands or recieve any Rate of postage or gratuity or reward other then is provided by law for the postage of such mail matter, shall be fined under this title or imprisoned not more then 6 months or both.

Ohio Revised code § 2921.31 only applies to acts by defendants, that hamper or impede a public officail in the performance of lawful duties, and defendant must have a purpose to prevent, obstuct, or delay such performance The Third

element is that Defendant Does so without a privilege to act: State v. Pitts, 31 Omise 2d 10, 31 OBR 359, 509 N.E. 2d 1284 (M.C.) (1986)

▆▆▆▆. II - 3.1100 ( <u>Retaliation or Coercion</u>)

Individuals who exercise their rights under the Americans with Disabilities Act. are protected from retaliation or coercion, The prohibition applies broadly to any individual from exercising his rights, Any form of retaliation or coercion, including interference is prohibited.

## <u>Conclusion of Case</u>

Plaintiff asserts that his untimeliness to meet court deadlines, and to adequately responed, And Argue And to put forth Reasons agianst The Courts Rulings made on <u>8-20-03 "Doc. 66"</u> 3-10-03 "Doc. 29" <u>3-17-03 "Doc. 34"</u> And 7-29-03 "Doc. _" Should Be excused because Plaintiff "<u>did All he could under the circumstances</u>" as required by <u>fallen v. United States</u>. 378 U.S. 139, 144. 84 S. Ct. 1689, 1692-1693, 12 L. Ed. 2d 760 (1964). U.S.C.A. § 2107

Memorandum of Law In Support

In Thaddeus-X vs. Blatter (6th Cir. 1999), 175 F.3d 378 The sixth circuit held a retaliation claim essentially entails three elements: (1) The Relator engaged in protected conduct; (2) An adverse action was taken against the Relator that would deter a person of ordinary firmness from continuing to engage in that conduct; and there is a casual connection between elements one and two;

Certificate of Service

I hereby certify that a copy of Plaintiff's motion for Relief from an order or Judgment has been forwarded to counsel for Defendants, Philip A. King by U.S. Postal Mail at 140 East Town Street, 14th Floor, Columbus, Ohio, 43215, on this 9th Day of September 2003

Dennis Pointer
Pro-Se