UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DENNIS POINTER, )
 )
    Plaintiff-Appellant, )
 )
v. )  O R D E R
 )
KIYOKO LYON, )
 )
    Defendant-Appellee. )
 )

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 62-486

**FILED**
OCT 01 2004
LEONARD GREEN, Clerk

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: KEITH, MOORE, and GILMAN, Circuit Judges.

    Dennis Pointer, an Ohio prisoner proceeding pro se, appeals the district court order granting summary judgment to the defendant in this civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Seeking four million dollars in damages and injunctive relief, Pointer sued Sergeant Lyon and Institutional Inspector Goodman. He alleged that: (1) Lyon denied him his right of access to the courts by failing to bring him his legal materials while he was in administrative segregation; and (2) Goodman did not enforce institutional rules or properly investigate the grievances Pointer filed against Lyon. The district court granted Pointer in forma pauperis status, screened the complaint, and dismissed Goodman as a defendant. After a period of discovery, Lyon moved for summary judgment. The magistrate judge recommended granting the motion because Pointer admitted in his deposition that Lyon did not cause any of Pointer's cases to be dismissed. The district court adopted

the magistrate judge's report and recommendation over Pointer's objections and dismissed the complaint. The court also certified that Pointer's complaint was frivolous and that an appeal could not be taken in good faith. *See* 28 U.S.C. §§ 1915(a)(3), 1915(e)(2)(B)(i).

On appeal, Pointer argues that the district court: (1) did not take into consideration his attempt to file a petition for a writ of certiorari with the United States Supreme Court; and (2) should have applied the Americans with Disabilities Act and the Administrative Procedure Act. He also moves for miscellaneous relief.

Initially, we note that Pointer does not argue that the district court erred by dismissing Goodman as a defendant. Issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996). Accordingly, Pointer has waived any claim he might have had against Goodman.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Prisoners have a constitutional right of meaningful access to the courts to pursue non-frivolous challenges to their sentences or the conditions of their confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation. *Lewis*, 518 U.S. at 351. In his complaint, Pointer alleged that on January 29, 2002, Lyon did not bring him his legal property while he was in administrative segregation. Pointer claimed that this caused the dismissal of four lawsuits. However, Lyon submitted Pointer's deposition and orders from the four cases identified by Pointer. The orders show, and Pointer admitted, that each of the cases had already been dismissed by January 29, 2002. Therefore, Lyon's actions on January 29,

2002, could not have been the cause of the dismissals. Lyon was entitled to a judgment as a matter of law.

We also agree with the district court that Pointer's complaint was frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pointer's complaint lacked an arguable basis in law because he knew when he filed it that Lyon did not cause any of his cases to be dismissed.

Pointer's arguments on appeal are without merit. He never identified a case for which he was seeking Supreme Court review, and the Americans with Disabilities Act and the Administrative Procedure Act have nothing to do with his claim of denial of access to the courts.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.

ENTERED BY ORDER OF THE COURT

_____
Clerk